UNITED STATES
FEDERAL DISTRICT COURT
WASHINGTON, DC.

**NOHA CHARLES AUGUSTUS**
**# 29-979-444**

**V.S**

**DAVID VENTURELLA**
**DIRECTOR HQ.–PDU WASHINGTON, DC**
**MICHAEL CHERTOFF SECERTARY**
**DEPARTMENT OF HOMELAND SECURITY,**
**FEDERAL REPUBLIC OF NIGERIA**
**ETAL,      RESPONDENTS.**

CASE NUMBER  1:05CV01362

JUDGE: Richard W. Roberts

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 07/06/2005

**FILED**

JUL - 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>**EMERGENCY**</u>
<u>**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.SC 2241**</u>
<u>**(FOREIGN SOVEREIGN IMMUNITES ACT)($$ 1602).(FSIA),8**</u>
<u>**U.S.C.A,1503(90)**</u>

Petitioner Noha Charles Augustus prose hereby petitions this court for a

Writ of Habeas Corpus to remedy

his <u>unlawful detention</u> and to enjoin respondent against his contiuned

<u>unlawfull detention</u>. In support of this petition and complaint seeking

injunctive relief.  Mr. Augustus alleges as follows, and prays upon honorable

court to hold complaints herein referenced to a less stringent standard

accorded prose litigant. See <u>HAINES VS KERNIER</u>  404  U.S 519 ,521, 92

S.C.T 594,30 L.E.D 29,652 (1972) Pursuant to the liberal contruction

granted Pro-se litigants construe the petition as it deems fit see Gorden  VS

Leeke ,574  F2d 1147( 4<sup>TH CIR</sup> 1978)


1)  Mr. Augustus is in the phyical custody of DHS- ICE  HQ Post  order

   custody review unit (HQ PDU)

 At  801 1 street suite 800 Washinton ,DC 20536  at their detention facility

located at 18201 SW 12 th street

Miami , Florida  33194. **SEE EXHIBIT C**



## JURISDICTION


2)  This action arise under the Constitution of the United State and the

   Immgration and national Act (INA 8 §U.S.C 1101 <u>ET  SEQ</u>,  as

   amended by illegal Immigration reform and immigrant responsibility

   ACT OF1996 (IIRIA) Pub L  No  104-208 Stat  1570 and the

   administrative  procedure Act (APA)5 U.S.C  <u>701 ET SEQ</u>  this court has

   jurisdiction under 28 U.S.C §2241 art 1 § 9 cl2 of the United States

   Constitution (suspension clause) and 28  U.S.C §1331 AS Mr. Augustus

   is presently in coustody under the color of the  authority of the United

States and such custody is in the violation of the Constitution , Laws or

treaties of the United State. See <u>Zadvydas VS Davis</u>  533U.S 678 121

S.CT 2491 (2001) This court may grant relief pursursuant to 28 U.S.C

 §2241 5 U.S.C  § 702 AND ALL Writs Act 28 U.S.C 1651

Foreign Soverign immunities Act (FSIA) 28 U.S.C§ 1602  et SEQ  which

authorises legal action against a foreign counrty like the <u>Federal Republic of</u>

<u>Nigeria Enjoined Respondent.</u> For action encouraging condoning

transportation of  U.S nationals under conditions that are cruel and in

humane. ( Joint prisoner apprehension transportation system  <u>see exhibit</u>

<u>attached.68</u>


(JPATS) Where the U.S National and alien are transported Planes on a

16 hour flight with hand and waste bound. Across international territories

outside the boundaries of the United State , under no foreseable right or law

either international or the United State Constitution. To transport civil

detainees for immigration violation under the mannerism herein described.

That petitioner is a " National "  of the United States an hence should not be

subjected to that  inhumane mode of transportation and further more

contiuned detention for 10 months without any chance of release **See article**

**5 of Apendix C.**  A  document to which Nigerian  government  is a

--------------------This court clearly has jurisdiction to adjudicate on matters of Nationality from 8 USCA 1503 (90) Actions against the United States attorney General to obtain judgement declaring plaintiffs to be United States Nationals Could be brought in the district court for the District of Columbia or in the district which the plaintiff claimed permanent residence. See Jung Wai Mook Vs Brownell 228, F.2d 412 (9th Cir 1955). The current administrator for nationals is the secretary of Homeland Security, whose official residence is in Washington Hence the apporprate venue to file this lawsuit is District of Columbia. See Aiko Matsuo Vs Dulles 133 F. Supp 711 (Southern District of California 1955) See generally Reaume Vs U.S 124 F. supp 851(Estern District of Michigan 1954) An allegation as persented by Plaintiff that he has been denied right or privilege upon grounds that he is not a "National" of the United States is a Jurisdictional requirment in declaratory action to establish that plaintiff is a Citizen of the United States Quong Ngeung Vs Dulles 117 F. Supp 498 (S.D.N.Y 1953) see Florentine Vs Landon 114 F. Supp 452 remanded on other ground 231 F.2d 452 (Cal D.C 1953) See emphasis added Brown Well Vs Lee Mon – Hong 217, F.2d 143 (9th Cir 1954) see also Chow Sing Vs Brownwell 217, F.2d 140 (C.A.Cal. 1954). An order of exclusion mught constitute denial of "A right or privilage as a National. Which formed basis for proceeding under this section for determination of claims to American Citizenship. Kum-Chor Chee Vs Clark 384 F.2d 918. C.A.9 (Hawaii) 1967. Furthermore this honorable Court can proceed De-Novo in this suit. See emphasis added Frank Vs Rogers C.A.D.C 1958, 253, F.2d 889, 102 U.S App. D.C 367 Inherent removal proceedings have no bearings as to bar adjudication of this matter see emphasis added Delmore Vs Brown Well C.A.3 (NJ) 1956, 236 F.2d 598

### Court Can Release Petitioner
### On Bail Pending Trial Action.

This honorable court has the vested authority to restrain the Attorney General or secretary of Homeland Security in this case to restrain them from removing petitioner prior to his nationality dispute, to also order his release on reasonable bail pending trail action. See emphasis added Ctting Ming Maw Vs Dulles, S.D.N.Y 1953 117 F.supp 108 petitioner respectfully prays upon honorable court to so order. Petitioners life and liberty has been restrained for more than 9 months, in prison conditions. Furthermore denied adequate medical care for the said duration.

being a national . See emphasis added **8 U.S.C1252(b)(5)(a)** require the

court to decide the issue if the petitioner claims to be a national of the

United State. This court has jurisdiction to review this matter under 8 U.S.C

§ 1252(b)5 to determine de novo legal issue as to petitioners claim to be a

national of the United State.

3) Venue lies in the federal district in Washington , D.C where custodian

David Venturella ,director for (HQ PDU ) have their only office. The federal

Republic of Nigeria have their embassy that is referenced **in exhibit C  see**

**emphasis added exhibit T.**

### Parties

4)  Mr. Augustus <u>a national</u> of the united state  has been detained by

HQPDU  at their facility in Miami , Florida ,Krome Processing Center ,

since August 11,2004 . **See exhibit A**  and has since remained in custody for

over  9 months.

5)  David Venturella is sued in his official capacity as the director for DHS-

ICE  HQ  post order custody review unit ( HQ-PDU) **See exhibit C ,Exhibit**

**39**

6) Respondent Michael Chertoff is sued in his official capacity as the

secretary of the department of Home land security. He is the legal custodian

of  Mr. Augustus.

7) The Federal Republic of Nigeria, is sued as sovereign nation in an effort

to disavow him any further allegiance to the county as demonstrated by his

"application for United State citizenship **see exhibit D1 , L** Also put on

notice pending the reslution of this nationality litigation. Furthermore for

their contuined  assurance to  HQ PDU about issuing travel document **see**

**exhibit C**

Exhaustion of  remedies


**Exhaustion of Remedies**

8) Petitioner has exhausted his administraive remedies to extent required by

law and the only remedy left is judicial action. After the Supreme Court in

Zadvydas the department of justice issue  regulation govering the custody  of

alien ordered  remove. See continued detention  of alien subjected to final

orders of removal , 66 Fed  Reg  56, 967 (2001)(to be confined  at  8 .CFR

PTS  3 and 241)  petitioner recevied his only notice of  file custody eview on

Dec 30, 2004 . Aproximately 120 days in violation of the 90 days mandatory

review. **See exhibit A1** requsting review  after the date was passed due.

That decision was not received until Feb 1st  2005  aproximately 180 days ,

90 days past  the  mandatory review . **See exhibit C, exhibit B**  response to

the decision to contuine review. Additionally on Jan 25 2005 . Mr. Augustus

,filled a request for an order of supervised release . **See exhibit E see also**

**exhibit C** ( Decision to contunie detention dated 1[st]February 2005.

Stipulating that another review would be done inspite of exhibit E and

exhibit 22, 30 , that mandate release andreview with in 180 days see also

empasis added Clark VS. Martinez (# 03-878 United State Supreme Court

decide Jan ,12 2005) affiring Zadvydas 2001 Stipulating a 6months

maximum detention for aliens .

### Statement of facts

9) Petitioner is a 44yr old man he came to the united state on April 1991,

and has resided here ever since he is married to a U.S citizen Pamela

Williams dating back to November 1991, Petitioner adjustment his status to

permement legal resdient on or about 1992 . Petitioner has a 13yr. Old

daughter borrn on march 8th 1992 ( U.S Citizen ). Petitioner has resided in

the United State paid taxes. Never been back to Nigeria ever since.

10) On Sept 19th 1996 , Mr. Augustus was convicted for credit card fraud

for which he was sentenced to 4 months incarceration , 4 months home

confiment , and 3 years supervised release. This is his only infraction with

the law . **See exhibit 2A** Petitioner has since lived a productive lifestyle

since 1996 till date. Has had no disciplinary problems during the 10 months

of his unlawfull detention. Petitioner applied for U.S Citizenship on or about 1995.

11) Mr. Augustus was taken into custody on August 11, 2004 **see exhibit A** steming from a deportation order date June 30, 1999. DHS attempted to deport Augustus on or about Oct , 2004 , but Nigerian Embassy denied travel documents due to medical reasons. **See medical docs attched** . But DHS has not treated petitioner neither have they allowed him treat himself with his own insurance ( **see medical records).**

12) DHS continues to detain petitioner for more then 10 months. Without a single chance for release.

13) Mr. Augustus has informed DHS and Nigerian Embassy About his status of being a U.S national and hence not deported **See exhibit E.**

### Legal frame work for relief.

15) Petitioner brings this suit asserting that he is in custody pursuant to INA § 241 (A) (6) 8 U.S.C §123 (A)(6) under INA 241 (A) 8 U.S.C § 1231(A) (1) the DHS shall remove alien within 90 days of administrative final order of removal. Additionally for aliens with a final order of removal who have enter the United State INA§241 hass been interpreted by the Supreme Court in Zadvydas , Clark to

only authorize continued detention for a period reasonably necessary to

secure aliens removal **see Zadvydas 121 S.CT at 205** see also Clark VS

Martinez # 03-878 U. SCT Jan 2005. The Supreme Court found in

Zadvydas that six months is presumptively reasonable period for removal in

most cases **see 1d** interim administrative regulations also recognise that th

HQ-PDU has 6 months period for determing whether there is a significant

likelehood of removal in the reasonable future. See 8 CFR§ 241.13 (B) 2(ii)

since petitioner order became administraively final on June 30, 1999 , but

he was taken into custody on August 11, 2004. He statutory removal period

ended on Nov 11,2004, and the six months presumptive removal period

ended on Feb 11, 2005 . To support and accord jurisdiction under the Foreig

Sovereign Immunties Act  ( FSIA) 28 U.S.C §  1605 (a)(7)(b)(ii) petitioner

asserts that he mailed a letter to Nigerian Embassy in Washington ,DC  To

3519 International Washington , DC  ATTN Mr.  Umar Mohammed ,

informing him and the embassy about his status as a U.S  national: but from

all  correspondence from  HQ-PDU continues to stipulate that he is a

Nigerian citizen , and has been authorized to be removed . **See exhibit C**

**and exhibit 39** . See also attched sworn affidavit . Stipulationg that both

phone contact and numerous correspondence have  been fowarded to the

Nigerian Embassy  reguarding his status  as a U.S  national spanning from

Oct 2004 till date. Additionaly on Jan 25 , 2005 . Mr. Augustus filled a

request for and order of supervised release see exhibit E attached see also

exhibit C ( decision to continue detention dated Feb 1st 2005. Stipulating

that another review would be done in 30 days from the date March 1st 2005.

In clear violation  petitioner never received that review up until  March 23

,2005 , **see  exhibit 39.** Where DHS  state  with  convinience that petitioner

detention would contuine and that removal would be effected  in the

foreseable future . The word foreseable utilised  by DHS ''foreseable

future'' is bottomline  ambigous given the restraint of liberty of petitioner

for more than 180 days  in condition worse then incareration . Wherein ,

petitioner is subjected to 23 hour lockdown . See Zaduydas , Clark. The

forseable future could be 20 yrs as long as it is  foreseable  and it it in the

future. It bothers on infinity. Petitioner was detained for  90 days ,  180 days

is the maximum allowed by the law.  But petitioner  has been detained 270

days and counting for a crime committed  9 yrs. Ago for which the

incareration time  was 120 days. He has been detain twice the time for a

crime **see emphasis added Fuller VS Gonzales,.** 2005 WL  818614 ( D.

Conn 2005( #CIV A.3 : 04CV2039 SRU) neither has any official sat with

petitioner to find out if his current staus or if removal  is still warranted in

the first place .  DHS is awared that petitioner has issue of law before the

10

District court.  Before the board of immigration. Petitioner  removal is base d

on upon an order issued 6 yrs ago . That has been overturned by the supreme

court. See ST ,CYR  June 25, 2001 (U.S.C.T)  That made petitioner eligilble

for  212(c) relief  amoungst other . A matter that is currently before the

board of immigration. See Welch VS Aschroft  C.A 4 (MD)  2002 293 F.3D

213. Stipulating that long time detention  of a resident alien with extensive

commuinity  ties constituted  punishment without trial" , furthermore it

violated substantive due process right of the alien in question. See emphasis

added Shurney VS. INS 201 F. supp. 2d , 783 (N.D Ohio  2004) permanent

resident stake at being free during removal processding far outweighed the

government interest  in  protecting the public and detention violated alien's

right due to p[rocess as determinnation was not made as to  whether alien

constituted  a flight risk or danger to society  see  Dean VS. Aschroft 176 F

SUPP 2d 316 ( D.N.J 2001) **see generally  Sharma VS. Aschroft  158 F.**

**supp 2d 519 (E.D  Pa , 2001 )**  petitioner has to non frivolous petitions seeking

Wthholding of deportation 241(b)(3)  also a special  212(c)  motion pending

with the board of immigration  appeals . all these are matter  of law  that are

being litigated. Where pettiioner  ,  has a high  likeihood  of success .

Continued detention without  bail for a deportation order that is being

contested is oppresive and does not serve any government interest.

16) Under the current custody review regulations , there is no appeal available from HQ-PDU custody decision. **See 8 C.F.R § 241-13(9)(2).** While regulations direct HQ-PDU to acknowledge reciept of the custody review request within 10 buniess days, 8 C.F.R § 241.13(E)(1) , The HQPDU is not required to issue a decision within any particular length of time , there is no administrarive mechamism for compelling the HQ PDU to issue a decision. See generally 8 C.F.R § 241.13(G) .

17) Respondents continued detention of Mr. Augustus is unlawfull in the exceeds the DHS authority to detain him to accomplish his removal from the United State . The DHS lack of authority under immigration law , in particular INA § 241(a)(6), 8 USC § 1231 (a) (6) to detain Mr. Augustus , who is subject to a final order of removal for more than 6 months unless it establishes that there is a significant likeihood of carrying out his removal in the reasonable foreseable future. **See Zadvydas , 533 U.S at 699,701. See Clark U.S.C.T 2005,**

18) In it's 2001 decision in **Zadvydas VS. Davis** the united states supreme court impose, signficant limitation on the respondent authority to detain aliens in the post removal order period. The court recognised a presumptive reasonable period of only six months **Zadvydas 533 U.S AT 701**. Before Zadvydas the INS had interpreted § 1231 (a)(6) to

permit the detention of alien in definitely , even where it took INS years to carryout their removal or where it was impossible to remove them , see 1d at 688-89. The supreme court however held INS that the INS interpretation of 1 title 8 U.S.C SECTION 1231(A)(6) provide : An alien order removal who inadmisslble under 1182 of §1231 (a)(6) was wrong and that the statute did not permit indefinite detention , because to construe the statute otherwise would rasied substantial issue under the 5th amendement's due process clause. 1d at 690 the court started '' in our view the statute read in light of, Constitutaion demands limits an alien's post removal period detention to a period reasonably neccesary to bring that aliens removal from the United States . <u>It does not permit indefinite detention</u>'' 1d at 689 .

19)    Mr. Augustus has set forth <u>Prima facie case</u> , for relief under Zavdydas . Resondents have detained Mr.Augustus since August 11, 2004 and he has been held for more than 6 months prescribed by the supreme court almost 2 months ago March 23, 2005 the government a decision to continue Mr.Augustus detention (see exhibit C) without any assurance of a significant likeihood of removal in the the reasonable forseable future.

Of this title, removable under 1227(a)(1)(c), 1227(a)(2) or 1227(A)(4) of

this--- maybe detained beyound the removal period and if release shall be

subject to the term of supervision in paragraph (3)''. Thus Mr.Augustus

continues languish in detention , Because Mr. Augustus had made a Prima

facie case under Zadvydas and he has now been held 4 months more than

presumptive time limit established by the supreme court in Zadvydas he

should be ordered release from detention.

20)    Zadvydas made clear that deference to bare assertion of removal in

the reasonably forseable future is inappropriate ( see exhibit 39 ) see

533 U.S AT 701. In this case, the government has failed to even assert

such a generic, unsupported representation of removal.

21)    The government has had nearly 5 years eight months to effectuate Mr.

Augustus removal and it has been unable to do so . Mr Augustus must

be released under the sliding scale'' Seretse - Khama 215 F supp 2d at

48 established by the court in <u>Zadvydas</u>. The <u>Zadvydas</u> made clear that

the longer the alien is detained after the end of the removal period , the

more imminent his removal must be in order to justify his overgoing

detention. **See Zadvydas** 533 U.S. at 701 ('[F] or detention to remain

reasonable , as period or prior removal confinement grow , what count as

the reasonably forseable future ' conversely would have to shrink'' )

14

under this sliding scale , the lenghty period of Mr. Augustus post

removal confinement ''has certainly caused the reasonably foreseable

future to shrink to the point that removal must be truly eminent'' **See**

**Seretse – Khama 215 F.Supp 2d at 48** ; **see also Kacanic** , 202 U.S

Dist. Lexis 21848 at * 10 -* 11 ( In this case the period of deportation is

double what [ Zadvydas ] considered presumptivereasonable.

Accordingly when deciding whether removal is likely in the reasonably

foreseable future time remaining for INS to effectuate the petitioner's

removal is relatively short'') Mr. Augustus has now being detained for

four months more than what Zadvydas considered presumptively

reasonable **see Kacanic** , 2002 U.S Dist Lexis 21848 at * 10-*11.

## CLAIMS FOR RELIEF
## COUNT ONE

### STATUTORY VIOLATION

22)    Mr. Augustus re-alleges and incoporates by reference paragraphs 1
    though 21 .

**23)**    Mr. Augustus continued detention by respodent violates INA §

241(A)(6) , as interpreted in Zadvydas . Mr. Augustus nintey –days

statutory removal period and six months presumptive reasonable period

August 11- Nov 11, 2004. Nov - Feb 11 , 20045 respectively , for

continues removal effort have both passed . It is extremely unlikely that

respondents. Will be able to remove  Mr. Augustus .  If they do it would

be in violation of the law because of his U.S nationality and permanent

allegiance to the United States and hence not removable. The supreme

court held in Zadvydas  that continued detention of someone such as

Mr.Augustus under such circumstance is unreasonable and is not

authorized by INA§241

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

24)    Mr. Augustus  re-alleges incopprates paragraph 1 through 21 above

25)    Mr. Augustus continued detention violates his right to substantive

due process by depriving him of his core liberty  intrest  to be free from

bodily restrant **see Zadvydas 121 S.C.T at 2498-99.**  The due process

clauses requires that deprivatin of  petitioner's liberty be narrowly

tailored to serve a compelling government intrest. While the respondents

, would have compelling goverment interest in detaining  the petitioner in

order to effect his deportation that interest does not exist  if he is unlikely

to be deported see petitioners brief on being a U.S national  in pages  to

follow. **Zadvydas**  thus  interpreted  **INA § 241**  to allow continued

detention only for a period reasonably necessary to secure aliens removal

because any other reading would go beyound government articulated

interest . To effect aliens removal. **See Zadvydas  121 S.C.T at 2499.**

*26)*     In **Zadvydas** , the supreme court acknowledged that while it may not

be possible to accomplish all reasonably  forseable  removal  within the

90 days stastutory period . It believed that congresss previously doubted

the constitutionality  of detention for more then six months **1d at 701** .

The court held that continued detention beyound this period would rasie

substantial constitutional questions regarding the aliens Fifth Amendment

right to due processs as well as the alien's fundamental liberty intrest. **1d**

**at  690-94.** In  so holding the court emphasized that aliens are protected

by the due process clause just as any U.S citizen ,  and that serious

constitutional  issue  would be implicated if an agency were permitted to

deprive an alien of his liberty for more than 6 months for a non punitive

purpose of carring out his removal. 1d at 690-92. Other courts have found

period of DHS detention almost to that at issue here to violate an alien

substantive due process rights . **See Hoany Minh ly VS. Hansen ,  No**

**01-3616 2003**  . U.S  APP Lexis 24301 ( 6th  cir Nov 26, 2003)( granting

petition where alien detained for eighteen months); <u>**JARDINES –**</u>

<u>**GUARRA  VS. ASCHCROFT**</u> . **262 F  SUPP 2d 1112(S.D CAL 2003**

**0**(finding that the petitioner had not met his burden under Zadvydas ,where had been detained one year at the time of habeas petition fillied**)** **Kancanic VS. Elwod** 2002 U.S Dist Lexis 218 48 at * 10-*11 (granting petiton where alien detained for eleven months). Mohammed VS. US Aschcroft 2002 U.S ,Dist Lexis 16179 at * 3 ( granting petition where alien detained in exess of six months); **Zhou VS Farguashon** 2001 U.S Dist Lexis 18239 at* 3-*4 (granting petition , where petitioner detained for 13 month); Williams VS INS # 01-043 ML , 2001 U.S Dist Lexis 15800( D.R.I August 7, 2001 ) (granting habeas petition based on violation of substantive due processs where alien detatined for 20 months pending appeal of final order of deportation 8 **Vo. Vs. Greene** 63 ,F .supp 2d 127 (D.COLO 1999) ( post removal order detention of 16 months and 25 months respectively, violated substantive due process ) it is well settled beyond time for Mr.Augustus to be released.

27) The indefinite detention of Mr. Augustus is excessive in relation to the permisslble government intrest in removing him. **Zadvydas** concluded that the government principle intrest in detaning alien subject to final order of removal is assuring alien's present at the time of removal '' 533 U.S at 699. The regulatory intrest however loses it validity where alien's removal is not reasonably forseable ,and has extended many months beyound the

presumptively reasonable  six months removal period.  See 1 d at  699-700.
Far less extreme for assuring   Mr. Augustus  presence at the moment of
removal are available such supervisied release. See 1 d at 699 , See also  8
C.F..R  § 241.5 ( providing for release  of aliens after removal period under
an order specifying condition of supervision including reguular reporting
requirement , and other provisions) Mr. Augustus  has no history of failing
to appear  in court. Further  more he has a wife for 14 yrs., and a daughter to
support and a network of friends , several whom which have advocated for
his release. Therefore  goverments interest , in protecting the communinty,
by detaining Mr. Augustus  indefinity is unjustified because  it  bears no
reasonable relation to the purpose '' for  which he was commited  1d at  690
( citing **Jackson  Vs Indiana**  406 U.S  715, 738) (1972) .

28)The indefinite detention of Mr. Augustus  ia also excessive in relation  to
permisslble  government intrest in protecting the cummunity **Zadvydas**
noted that prevetive  detention based on dangerous has been upheld only
when  limmited to sepcifically  dangerous individuals and subjected to
strong  procedural  protecting **533 at 691**. The requirement  of proof of
dangerous  is met by clear and convincing evidence because detention is
reserve for the most serious crimes **1d .**  Additionally , the dangerousness
rationale  must be accompanies by some other  special circumstance'' , such

as mental illness that help create danger , in cases where preventive

detention is of potentially inndefinite duration 1d the government has

failed to meet either of these burden , aside from his one non violent

conviction in 1996 Mr. Augustus has no criminal history . **See exhibit 2A**

. These burdens must be met because '' freedom from imprisonment from

government custody , detention or other forms of phsical restraint lies at the

heart of the liberty that [[the due process] clause protects''.

---

See  United States  Vs. Salerno    481 ,U.S 739 ,747 ,-48 (1987)  detention for regulatory purpose cannot be
excessive  in relation  to  government intrest.  Detention of an alien pending removal is regulatory not
punitive in purpose.  INS  VS Lopez Mendoza  468 U.S 10321 , 1038(1984) . 1d at 690  (citing Foucha
VS Louisiana  504 U.S  71 , 80 (1992) . In light of these circumstance  Mr.Augustus prolonged detention
with no acertainable end potentially in sight  is clearly excessive  and violates the due process clause of the
Fifth Amendment. See Zadzydas  533  U.S  at 690 . Note  that in Zadvydas , the court held that  allegation
of dangerousness are manifestly insufficient to justify indefinite detention . Zadvydas , 533  U.S  at  690-
91. Indeed the cases of two individuals whose ongoing detention was at issue in Zadvydas  are illustrative
in this respect . Mr  Zadvydas  had a long crimminal  record involving  drug crimes , attempted robbery ,
attempted burglary , and possession  with intent to distribute cocaine , in addition to a history of flight
Zadvydas 533 U.S at 684 . Mr. Ma , the other individual  whose ongoing detention had a long criminal
history but that was irrelevant against his freedom being resrtained by ICE .The indecriminate method
employed by ICE to continue to detain non violent detainees is oppressive,given that these individuals have
strong ties in the comunity.The implementation methods employed also ,the mandated reviews are not
adhered to e.g 90 days, 180 days and the reviews by HQ-PDU also are geared towards continued detention
of aliens.   See also Mr Ma the other individual whose detention was considered in  ZAVYDAS was
involved in gang related shooting and convicted of manslaughter id at 685 .The supreme court did not
express its belief that either that they were "specially dangerous" id at 691.On remand both were ordered
released. ZADVYDAS VS DAVIS,285 F.3D,398,404 (5TH CIR 2002) MA VS ASCHCROFT 257 F.3D
1095,1115(9TH CIR 2001)

witnesses after supreme the supreme court's decision in <u>Zadvydas</u>, the INS issued detailed and specific regulation outlining the prrocedures that must be followed in order for an individual to be classified as "Specially dangerous" Justifying ongoing detenention despite the fact that removal is not reasonabley foreseable 8 C>F.R. §241. 14 (F).

COUNT THREE

PROCEDURAL DUE PROCESS

VIOLATION

29) Mr Augustus re-alleges and incorporates by refernce paragraphs 1 through 21 above.

30) Under the Due process clause of the United states constitution, an alien is entitled to a timely and meaningfull opportunity to demostrate that he should not be detained. Mr Augustus in this case has been denied that opportunity. Firest the respondents have violated their own regulations by failing to acknowledge or act upon Mr Augustus admistrative request for release in a timely manner as MR Augustus has now been detained for over 9 months see 8.C.F.R § 241-13 (e) (1). Further ther is no administrative mechanism in place for Mr Augustus to demand a decision, endure that a decision will ever be made or appeal a custody decision that violates Zadvydas, more emphatically violates <u>Clark</u> (U.S.Ct 2005)

PRAYER FOR RELIEF

WHEREFORE, petitioner prays that this court grant the following relief:

1)  Assume Jurisdiction over this matter

2)  Grant Mr Augstus a rit of habeas corpus directing respondents to immediately release him from custody;

3)  Direct evidentiary hearing for damages against respondents.

4)  Grant any other relief with this court deems just and proper

5)  Grant release for petitioner to see immediate medical attention. <u>See Medical records</u>.

6)  Compell respondents to release immediately until his nationality is defined.

CONCLUSION INCORPORATED WITH

RELEVANT NEW DEVELOPMENTS.

The department of Homeland Security

Cannot "LEGALY REMOVE"



## CONTINUED DETENTION VIOLATES DUE PROCESS THERE IS NO LIKELY HOOD OF REMOVAL

Petitioners deportatiion order was administratively final on June 30, 1999. The Board of Immigration retroactively applied AEDPA, IIRIRA, Stipulating that because petitioner pled guilty on May 17th 1996. That he was ineligible relief whatsoever See exhibit H. but this order has been overturned by Supreme Court in St Cyr Supreme Court decision. Also petitioner qualified for a witholding of removal determination but was denied an apportunity. These issues are being addressed in appropriate legal Channels. But issue before this Court Supresedes all these relief because as a U.S national, petitioner does not need to pursue those avenues anymore. But to go forward and complete his Naturalization process that has been pending since Sep 24 1996.

PENDING NATURALISATION APPLICATION.

Petitioner's applicatkon for naturalisation was neither denied nor granted see exhibit L, DI. Petitioner meets all the relevant requirements to complete his Chitizenship process. But D.H.S has denied him the apportunity to accomplish that. Inspite of numerous correspondence from 2001 till date. Petitioner applied for Citizenship on or about 1995. Petitioner got a reciept of application. Petitioner subsequently took the standardized test and passed. He was invited to be sworn in on Sep 24 1996. But prior to the swearing I.N.S detaned petitioner illegally and hence prevented him from going to the swearing in. but petitioner took. An oath of allegiance prior to taking the test. But further on the application plegded his allegiance to the United States. Petitioner has in formed respondents.

a) Department of Homeland Security
b) Federal Republic of Nigeria

That he "a national" and hence not removable. But all efforts to resolve this matter has been in vain. See exhibits, E, Al. But their stance is likened to a one way train. "Deportation at any expense". Hence petitioner seeks protection of this court, under the foreign soveregn immunities Act as a "National of the United States. DHS has physically removed bøonafide nationals see Exhibit 40. Hence there is a dire need for Court to enter a temporary restraining order against respondents. To also order petitioner immediate release for safety concerns. Because petitioner intends to intimate court of the abuses, and torture he has undergone in the past 9 months. In the damages, in the compensatory and punitive stage.

NO LIKELYHOOD OF REMOVAL
A) U.S NATIONAL NOT DEPORTABLE
B) PENDING CITIZENSHIP APPLICATION



CASE HISTORY:

Petitioner based upon his marriage to a United States Citizen applied for naturalisation on or about 1995. Petitioner received a cknowlegdement of his application See exhibit L. Petitioners subsequently took the standardized test and passed (See file for record) INS invited petitioner for swearing in and interview on Sept 24 1996 See exhibit DI. But petitioner got convicted in the Southern District of Florida on Sept 19th 1994. Prior to his conviction attaining requesite finality, INS detained petitioner on Sept 21 1996 in Violation of Immigration regulations that mandate Finality prior to conviction can be utilised for deportation purposes See Pino Vs Landon (US.Ct 1995) The application has been pending since Sept 24 1996. The toll for 5 yrs of good moral Charcter re-attained the requesite 5 yrs since Sept 24 2001. Petitioner has written numerous correspondence to enable him complete his naturalisation process. But because ICE Illegally comenced deportation prior to Naturalisation. Petitioner cannot Naturalize but for pendency of this deportation order. What constitutes "a national" has been exhaustively litigated both at the BIA, District Courts, Court of Appeals, U.S Supreme Court.

But all decesions are favourable to petitioner, in that his application is still pending and his eligivble to complete the process. See what constitutes a national.

BOARD OF IMMIGRATION APPEALS

Based upon the Boards relling on what constitutes "a national". It would be futile to seek review, their as to the requirement to "exhaust administrative remendies." This decision would moot that argument if ever proffered by the government. See in re Navas Acosta, 231 § N Dec 586-87 2003 WL 198 64 75 (BIA 2003) the BIA addressed whether an alien could become a national just by applying for Citizenship and signing statement of allegiance on the application for Naturalization. The Board rulled that such applicant was still an alien and that Nationality could only be aquired by birth or naturalisation Id at 588. Petitioner begs to deffer from that opion and so has numerous other sister circuits. Also ther is no deffernce to the Board in matters that involve interpretation of law that jurisdiction lies in this Court see Matter of Fuentes Compos Int Dec 3318 (BIA 1997)

1) DISTRICT COURT OPINION ON
   "UNITED STATES NATIONAL"

GHAFOUR ASEMANI VS THE ISLAMIC
REPUBLIC OF IRAN # CIV A.01-2231
JDB. EC (266 F.Supp 2D 24 (DDC 2003)

The district court found an applicant for citizenship to be "a national" because he applied for Citizenship and thus demonstrated permanent allegiance to qualify as

24

a National. See exhibits L, DI, and proof passing the naturalization test in petitioner's file. See 266 F.Supp 2d 24 (DDC 2003) Id at 24 "Petitioner sufficiently demonstrated permanent allegiance to the United States to qualify as a national under the foreign sovereign imunities Act (FSIA). Petitioner had filled notice that he intended to apply for U.S Citizenship that was denied as pre-mature and that he continued to pursue with immigration and naturalization officer and an oath of allegiance to the united States Immigration and Nationallity Act § 101 (A) (22), 8 USCA § 1101 (a) (22) 28 U.S.CA § 1605 (a) (7) (B) (ii)."

## 2)  VLADMIR SHE KOYAN VS SIBLEY
##     INTERNATIONL CORP (217 F.Supp 2d 59 (DDC 2002)

See Id at 60 "employee did not show that he applied for United States Citizenship or that he had attained Certificate Stating that he was a united States national for Judicial or administrative proceedings abroad. Civil Rights Act of 1964 § 702 © 42 U.S.C.A § 2001e-1©, INA § 101 (a) (3, 22) 8 U.S.C.A § 1101 (a) (3, 22).

The Shekoyan Court Further Stated in Id at 67 "In the light of this minimal requirment of an application for Citizenship to qualify as a , United States national and the plaintiffs fallure to show that he submitted such and application the Court must find that the planintiff has failed to establish by prepondermance of the evidence that he is a National of the united States " Se Id at 67 for comprehensive analysis petitioner meet all requesite requirements. He aplied for Citizenship See exhibit L got invited for swearing in See exhibit DI passed the test (see file for copy) But was illegally detained by INS before there was a finality to his Conviction See Pino Vs Landon (U.S.Ct 1955) The application was neither denied or approved and it has been pending since 1996. Say aruendo petitioner did not have 5 yrs of Good moral character in 1996. He has since had it since 2001 and hence is eligible to be sworn in as a full Citizen. See Matter of Kanga (BIA 2000) Stipulating that only the evasion from military could make an alien permanently ineligible for Citizenship.

## 3)  SERGIO DOMINGUES VS RICHARD
##     SMITH DISTRICT DIRECTOR INS
##     # CS-97-0351 WFN (18 IMMIG RPTR A3-69)

See Id at A3-70

"The Defendants view is Somewhat less expansive. The defendants maintain that the clear thrust of § 318 is to provide legal preference for resolution of removal proceeding before the resolution of naturalization petition. Instant case this court Interprets that clear language of 310 to require court to grant the plaintiffs request for a de-novo hearing for his naturalisation petition." The Dominguez Court allowed plaintiff to pursue his naturlaization procceding before deportation proceeding. See petitioner invitation for Citizenship interview predate the commencement of removal proceeding dated Sep 26, 1996. Invitation for



swearing in dated <u>Sept 24 1996</u>. Petitioner applied, passed the exam and was invited for swearing in before removal proceeding commenced on <u>Sep 26 1996</u>.

### 4) LEE VS ASCHCROFT, ATTORNEY
### GENERAL ATTORNEY GENERAL, I.NS 216 F.Supp 2d 51(E.D. NY 2002)

<u>See Id at 58</u>

" The Court Finds that petitiner has satisfied the requirements to be considered "<u>A National</u>" of the United States. He has demonstrated his allegiance through his application for naturalization and his registration for selective service. As a national he is not subject to deportation on the basis of his conviction for mail fraud".

Petitioner has a lot of Similarites with conditions described in the Lee Court Lee applied for Citizenship on July 13 1998. But got indicted on <u>Dec 16 1998</u> after the application. Petitioner applied for Citizenship in 1995. But got indicted in 1996. Lee was convicted on <u>Sept 23 1999</u>. Petitioner was convicted on <u>Sep 19th 1996</u> Lee resided in the United States for over 30 yrs. Petitioner has resided in the United States for over 15 yrs. He has a U.S Citizen wife for over 14 yrs. U.S Citizen daughter for over 13 yrs. Has worked and paid taxes and has not travelled to Nigeria for 14 yrs. All his ties are in the United States owns property, faimily, friends, etc.

He pled allegiance to the United States prior to taking the test Also on the application for Citizenship. His only criminal conviction was in 1996 for Credit Card Fraud and sentence was for 4 months. See Lee (6 months mail Fraud) <u>See Lee Id at 58</u> "Petitioner was convicted of a Crime that is defined as an aggravated felony for the purposes of INA § 237 (a) (2) (A) (iii) However this was a crime of Fraud, and not Narcotics distribution. Nor an offense involving bodlily harm or the use of a weapon. He was sentenced to only six months in prison."

### 5) RASAQ OLADMEJI SHITTU VS KENETH
### J ELWOOD, DISTRICT DIRECTOR INS
### PHILADELPHIA #.CIV A 02-0682 (204 F.Supp 2d (E.D PA 2002).

<u>See id at 880</u> "I have concluded as other courts before me have concluded, that long term residence does not suffice to confer the status National. Ther must be some objective demonstration of permanent allegiance. An application for naturalization is one of such objective demonstration. The <u>Shittu</u> court disqualified him for his drug conviction for which he was sentenced to 37 months that means that he was incacerated for more 180 days in violation of Citizenship requirement <u>Id at 877</u> "While his application was pending petitioner's application



same as this individual, because, he further took the test and passed, then
invited for swearing in the Shitue Courtsanalysis as to allegiance would put to
test common sense application. The Shittue court sugested that once Shittu
commited his crime he was no longer to describe himself as someone that was
permanent allegiance. Given that construction any U.S Citizen birth or
Naturalization once they commit any crime could be striped of theirpermanent
allegiance especially residents of Samoa and Swain Islands. The statute clearly
states that "A U.S National or Citizen is a person that owes permanent allegiance
to the United States. By Shittu analogy once they commit any crime that
demonstrate that they do not owe allegiance and hence no longer Nationals: The
statute does not state that although the Statug does not describe permanent
allegiance. Ther is no where it says, that as a national you have to be perfect.
Shittu differs from petitioner because his crime though an aggravated felony, it
does not bar him from ever showing good moral character 5 yrs after the
underlined conviction. He was only sentenced to 120 days. See also Matter of
Kang a (BIA 2000) aggravated felon is permanently ineligible for Citizenship.

6) JONATHAN GATCLIFFE VS JANET

   REMO AND CHARLES A KIRK

   DISTRICT DIRECTOR INS # 97-149

   (19 IMMIG RPTR A3-80 1998 WL 690674

   D.C VIRGIN ISLANDS SEPT 28 1998)

The Gat Cliffe Court was faced with two situations, a pending deportation order
and an application for naturalization 6 yrs later and if his conviction barredGat
Cliffe from showing good moral character. Gat Cliffe had 2 convictions (Arson
and driving while intoxicated) (Served 11 months) See Id at A3-82 "The
government has moved to dismiss these proceedings pursuant to section 1429
which provides" For the purposes of this action that no person shall be
naturalized against whom there is outstanding a final finding of deportablity
pursuant to a warrant of arrest issued under the provision of this chapter or any
other Act; and no application for Nationalisation shall be considered by the
Attorney General, if there is pending against the applicant a removal proceeding
pursuant to a warrant of arrest issued under the provisions of this chapter or any
other Act." This individual is in the same exact position as petitioner. Who is
qualified to naturalise but for the pendency of a removal order. The Gat Cliffe
Court further states "WHAT GAT CLIFFE SEEKS TO DO IS PERFECTLY
COMPATIBLE WITH SECTION 1429. PLAINTIFF IS SIMPLY SEEKING TO
HAVE COURT CLEAR THE WAY FOR HIRCTI BE ABLE TO MOVE THE
ATTORNEY GENERAL (INS) TO TERMINATE PROCEEDING PENDING
AGAINST HIM. INDEED TERMINATION OF REMOVAL PROCEEDING IS
SPECIFICALLY MENTIONED IN SECTION 1429"" The only bar to petitioner
being naturalised is the removal proceeding his application has been held in
abeyance sine 1996. Just like Gat Cliffe petioner has numerous character



To his good moral character and complete rehabilitation. See <u>Tellez Vs INS</u> 91 f supp 29 1356 (CD Cal 2000) <u>Grewal Vs Aschcroft</u> 88 fed APX 271 (9th Cir 2004) emphasis added <u>Ngwana Vs Reno</u> 40 f.supp 29 319 (D.M.D. 1999)

## 1) CIRCUIT COURT OF APPEALS OPINIONS ABOUT "NATIONAL".

A lot of courts have reviewed this matter and have up with different views, but all of them are in light favourable to petitioner. See

1) <u>Jose Luis Perdomo-Padilla Vs John Aschcroft # 01-71454 (June 23 2003 333 F.3d 964 (9th Cir 2003)</u>

This decision that would be regarded to as the <u>Padilla approach</u> henceforth. Stipulates that under the immigration and nationality Act (INA) person may become a "National of the United States" only through birth or naturalization. Immigration and Nationality Act § 101 (a) (22) as amended 8 U.S.C.A § 1101 (a) (22). The <u>Padilla approach</u> leaves more question than answers because the courts construction does not address the fact that once an alien decides conciously to apply for Citizenship, the alien has invariably decided that at that point to renounce his country of origin, and hence "permanent allegiance" starts to toll from their, that is why the Law stipulates that only permanent resident aliens can apply for Citizenship if they meet certain criteria the Padilla approach would leave a certain population of the outlying possesions see 8 USC § 1101 (a) (29) would be deprived of nationality because they were born before the possesion of their abode, and are not naturalised. See Id at 969 the <u>Padilla approach</u> describes aliens that apply for Citizenship and withdraw their application, but under any analysis once an application is withdrawn, so are the benefits. They further reference applicants whose their application have been denied, denial does not mean that they can never become Citizens again, unless they belong to the category of Aliens that are permanently bared. So their allegiance continues even upon denial by INS. Just like allegiance of those Citizens that are denaturalized cannot be taken away, even though they are striped of their Citizenship. Id at 970 talks about aliens that file naturalization application <u>after</u> removal proceedings begin. Those aliens do not qualify as nationals because, their application would not be honored. But those that apply <u>before</u> removal process commences are entitled to "National" status. The conclusive factor in the <u>Padilla approach</u> is at Id at 971"It appears that, in order for a person who is born outside the U.S to qualify for "National" status, the person must <u>at minimum</u> demonstrate
1- Birth in a United States territory
2- An application for Citizenship."
"That is we expressly declined to decide whether an application for naturalisation, standing alone is sufficient to confer nationality on an alien. <u>INSTEAD WE LEFT THE ISSUE OPEN.</u>"
Even under the <u>Padilla approach</u> petitioner meets the minimum requirements.

1- Applied for Citizenship
2- Passed the Test
3- Got invited for swearing in (Before deportation proceeding)
4- Application still pending.
5- Lenghty residence in the United States
6- Ties to the community, his only immediate family wife, U.S Citizen, daughter
   U.S Citizen "Owes permanent allegiance."

The applicant in the Padilla court did not apply and hence the court did further
address, what amoungst other things such as application for Citizenship does it
take to show "Permanent allegiance".

### 2) U.S Vs Omero Ortiz – Lopez
### # 93 – 30253 (May 16, 1994)
### (24 F.3d 53 (9th Cir 1994)

The <u>Lopez</u> court does not effectively describe a "National" but it states in Id at 56
"Under Meza – Soria no reasonable jury could have found beyond reasonable
doubt, and solely on the basis of the deportaion orders, that <u>Ortiz – Lopez</u> was
an alien.
See <u>United States Vs Dischner</u> 974 F.2d at 1516 (there is insufficient evidence if
viewing in the light most favourable to the government, any reasonable jury could
find the elements of the crime beyound a reasonable doubt). And this was the
only evidence the government offered to prove alienage. Absent this evidence
the Jury would not have convicted him. In this context, we find a highly prejudicial
error affecting Ortiz Lopez substantial rights. See Olano – U.S at 113 S.Ct at
1778 (Plain error affects substantial rights if it affected the outcome of the
proceeding."
Petitioner's deportation other should not serve as a reason for ICE never to
consider his qualification for Naturalisation. Refuse to allow him complete his
pending Naturalization process. But for deportation all he has to do is be sworn in
and he becomes a U.S Citizen. A chance ICE has denied him for more than 5
yrs.

### 3) Oliver Vs United States Dept of Justice,
### 17, F2d 426, 428 n.3 (2nd Cir 1975)

The second Circuit determined in this matter that an examination had to be
conducted to show that plantiff "owed permanent allegiance". The court upon
examination concluded that 20yr permanent resident, who was a canadian
Citizen, and married to an American Citizen was not a "National" because she
falled <u>to begin the naturalization process</u> and was therefore seen to still "owing
allegiance to Canada. 517 F.2d at 427-28.

<u>Petitioner has applied, for naturalization, went and took the test passed it, and
was invited for swearing in, the only obstacle between his swearing in the</u>

deportaion proceeding. His application was never denied and has been pending
since 1996 See exhibits L, DI.

## 4) CARREON – HERNANDEZ VS LEVI
### 543 F.2d 637 (8th CIR 1976)

The eight Circuit ruled that a Mexican Citizen, who had resided in the United
States for twenty years and married a U.S Citizen, paying taxes, registering for
selective service, living an impecable life style. The court said that he was not a
National because he "Never applied for United States Citizenship." They followed
the rulling in the Oliver court in the 2nd Circuit.

Petitioner in this matter has met the obligation, application, passing the rest, and
invitation for swearing in See exhibits L, DI (proof exam passed on file)

## 5) HUGHES VS ASCHCROFT
### 255 F.3d 752, 756 – 57 (9th Cir 2001)

The nineth Circuit dictated a minimum requirment to be considered a National
A) "Application for Citizenship."
The court followed the rullings of both the eight, secound Circuits in Oliver and
Carreon Hernandez. Stipulating that at minimum that an individual born outside
the United states must at minimum apply for Citizenship to be considered a
"National".

Petitioner has met the minimum requirement and hence is "a National." Or at
minimum entitled to an evidentiary hearing to establish good moral Charcter.

## 6) UNITED STATES VS MORIN
### 80 F.3D 124, 126 (4TH CIR 1996)

The Fourth Circuit in this case ascribed that "The most compelling evidence of
permanent allegiance short of Citizenship itself (was an application for
citizenshipP The 4th circuit stipulated that once an individual applied for
Citizenship. That he was a National but no a full flegded Citizen Until the process
was complete. Petitioner invokes the voverment's brief they cannot argue
otherwise in this mater. See government's brief at Morin. If the goverments
argues against this description. It could possibley lead to overturning morin's
Conviction. The was solely based on Murder of a U.S National.

## 7) UNITED STATES VS MANUEL CONTRERAS
### 63 F.3d 852(9th Cir 1995)

The contrera court cited U.S vs Ortiz 24 f.3d 53 (9th Cir 1994) Stating that a
deportaion order without More is insufficient to establish aliegance.

30

### 8) JESUS MANUEL SIERRA VS INS
### 585 F.2d 762 1978 U.S. APP LEXIS 7230 (5th Cir 1978)

The 5th Circuit denied the petition because the petitioner never applied for Naturalisation and hence could not considered a National.
"Moreover, the petitioner's legal theory is meritless He was born in Mexico, his mother is not an American Citizen, and he has never filed a petition for Naturalisation. There is no provision in the statute confering Citizenship solely on the basis of long residence in the United State".

Petitioner Augustus applied for Naturalisation, and lenghty residence, with family ties in the United States. So he is not barred by the <u>Sierra Court</u> Analysis.

### 9) UNITED STATES VS LIONEL JEAN BAPTISTE
### 395 F.3d 1190 (11th Cir 2005)

The eleventh circuit in this matter oulined all the requirement to become Naturalised.
See Id at 1192
"An applicant who seeks to become a Naturalized United States Citizen must fully comply with several statutory prerequesits before taking the Oath of allegiance. Fedorenko, 449 U.S at 506, 101 Sct 737. These requirements demand that applicants for Naturalization reside continously in the United States for at least 5 yrs after being lawfully admitted for permanent residence. Maintain physical presence in the United States for 5 yrs Immediately preceding the application date. Reside in the United States from the date of the application up to the time of admission for citizenship, and during all such periods establish and maintain good moral character. 8 U.S.C § 1427 (a). In view of these requirements the district court concluded that applicant had to maintain good moral character at least from the date on which the application was filed until the date of Oath of allegiance."

Petitioner met all these requirements from 2001.

### 10) UNITED STATES VS FELIPE JIMENEZ
### ALCALA 353 f.3d 585 (10th Cir 2003)

See Id at 860 the U.S Government in giving jury in struction.
"The term alien means any person who is not a Citizen or National of the United States. The term National of the United States" means a person who through not a Citizen of the United States, Owes permanent allegiance to the United States.

Examples of "Nationals of the United States" include residents of American Samoa, and Swain Islands and <u>Persons who have submitted an application for united States Citizenship</u>".



See Id at 861, wherein the court adopted the Padilla approach of the 9th Circuit that stipulated "At minimum individual must have applied for Citizenship to be considered a National".

Petitioner meets the Jury Instruction, and meets the minimum requirement in the Padilla approach (application for Citizenship) and hence is a National.

### 10) IN RE UNITED STATES OF AMERICA VS UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA 316 F.3d 1071 (9th Cir 2003)

The Alien in this matter app-lied for Citizenship, passed the exam but could not complete the process because he was on probation and was told he would be ineligible for Citizenship until his probation expired. He then withdrew his appplication without prejudice. See Id at 1072 See Id at 1073 United States jury instruction. Defining at "National" as a person born in the United States territory" or in the alternative, an Instruction Stating the a person could become a National unless he was either born on the United States territory or has a pending application for United states Citizenship."

See also "We decide only that the withdrawal of the application in which he may have sworn allegiance to the United States Chavez effectively disavowed the entire application for Citizenship. It is un contested that Chavez came here as an Alien.

Petitioner's application is still pending as referenced in the Jury Instruction and he never withrew as Chavez did so he is not bared by the Chavez analysis. But is a National by the Jury instruction.

### 11) SALIM VS ASCHCROFT 350 F.3d 307 (3rd Cir 2003)

The petitioner in the Salim Court applied for Citizenship but it was denied because under probation. The application could only be processed upon completion of his probation Id at 308. Salim 5 yrs later pled guilty & to bank Fraud. The court further ruled See Id at 310 "Although we have not had the occasion to decide what a petitioner must show to prove he "Owes permanent allegiance to the United Statats."

The Salim Court Stated it would join the 9th Circuit opinion. That stipulates at minimum an application for Citizenship. Moreover became permanently ineligible as a result of a 2001 conviction where he served more than 180 days in prison.

Petitioner case is still pending it was never denied, going by Salim standard petitioner's supervised release terminated in 1999 and hance he has been



eligible to apply and he spent 120 days incarcerated and hence is not ineligible. Under the Salim rule.

## 12) U.S SUPREME COURT
## JOHNSON VS EISENTRAGER, 339
## U.S 763 (1950)

"The alien to whom the United states has been traditionally hospitable, has been accorded a generous and ascending scale of rights as he increases his identity with our society. Mere law full presence in the country creates and implied assurance of safe conduct and gives him certain rights; they became more extensive and secure when he makes preliminary declaration of intention to become a Citizen, and they expand to full Citizenship upon naturalization.

The Eisentrager Court provides better guidance by the application 3 words

1) Preliminary (more extensive and secure)
2) Full.

The words More extensive and secure conotes what other courts state as a "national" alien is not deportable. "Secrue" but he probably can not vote. Preliminary by all standards means the application for Citizenship. The word Full means what it says full Citizenship. See generally Millers vs Albright, 523 U.S 420, 467 n.2 118 S. Ct 1428, 140 L.Ed 575 (1998) (Ginsburg dissenting)

"Nationality and Citizenship are not entirely synonymous; One can be a National of the united states and yet not a Citizen. 8 U.S.C § 1101 (9) (22)."

All Citizens are nationals. But all nationals are not Citizens until they complete the Citizehsip process. By any possible analysis petitioner has a pending Citizenship application but for the pendincy of his deportation proceeding. At minimum he should be allowed to complete the process since his application predates his conviction. He has met also minimum requirements ascribed by the courts

1) Application for Citizenship
2) Passing the test
3) Invited for swearing in.

Would be ready to meet any further steps required to potray permanent alegiance. His application has not been denied under guidelines stipulated by law see 8 CFR § 341.6 "If it is the decision of the district director to deny the application for a certificate of Citizenship, the applicant shall be furnished the reasons for denial and advised of the right to appeal in accordance with the provisions of 8 CFR 103.3 (a)."

## WHAT THE LAW SAYS
### SEE PETITIONER EXHIBIT NATIONAL 2 8 USC § ll01 (a) (3)

The term "Alien" means any person not a Citizen or national of the United States. Petitioner does not fit into that description for efforts preliminary as stated in the United States surpeme Court in Eisentrager had been taken to Citizenship.

### Sec 101 (a) 8 USC § 1101 (a) 21)

The term "National" means a person owing "permanent allegiance" to a state. The only requirement is owing "permanent allegiance. If congress wanted this to refer to only people of American Samoa and swains Island it could have categorically stated that in the statute by stating "Nationals are residents of America Samoa, and swains Island. See how explicit congress was in 101 (a) 8 USC § 1101 (a) (29) in describing outlying possesions of the United States.

"The term" Outlying possesions of the united States means America Samoa and Swain Island. But Utilised "permanent allegiance in definition of National". No where did congress state that Nationality can be attained by birth, or naturalization. But "Citizenship" can be attained by birth or Naturalization. See emphasis added 101 (a) 8 USC 1101 (a) (23) The term "Naturalization" means canfering nationality of a state upon a person after birth by any means whatsoever. See also sec 325. 8 USC § 1436 "Nationals but not Citizens of the United States; Residence within oulying possesions.

The congress extended residence within the outlying possesions to include time allowed to meet residence requirements. But also continues to mention "A person not a citizen who owes" Permanent allegiance" to the United states". The statute still does not mentiion residents of American Samoa, and Swain Islands. Because once procurement of the outlying possesions Nationality is automatic. But the Statue is trying to reach a certain segment of individuals that are not from America Samoa,and Swain Islands. That if they reside in these Islands at the time of their application that duration could be utlised towards their application. If the word "permanent allegiance" becomes a tangible that can be taken without notice then people of American and swain islands would be subject to deportation if ICE agents set up a check point and pull residents over in those islands and ask them, do you owe permanent allegiance to the united states?.Any resident that says no can be taken into custody and is deportable.The question is to where?.That is not what congress intended when it included the word PERMANENT ALLEGIANCE in the statute.The percentage of individuals that applied for citizenship,passed the standardized test,and invited for swearing in ceremony and hence met all the stipulated requirements to be considered NATIONALS, ARE LESS THAN 1% OF THE POPULATION, of the population of the united states utilising a very liberal estimate.Those are the silent minority that congress was trying to reach inclusive of the residents American Samoa,and Swain islands.There is a strong presumption that congress



expresses it's intent through the language it chooses  INS VS CARDOZA FONSECA, 480 US 421,432, N.12(1987) see 1101(a)(22) The term "national of the united states means (A) a citizen of the United states or (B) person, who though not a citizenof the United States owes " permanent allegiance" to the United States .The statute does describe " permanent allegiance "but guidiance could be found in 1101(a)(31) it describes "permanent" means a relationship of continuing or lasting nature as distinguiished from temporary,but a relationship may be permanent even though it may be dissolved eventually ta the instance either of the United States or individual in accordance with the law.So once an application for citizenshipis made  "permanent allegiance " start to toll for citizenship.But terminates on voluntary withdrawal of the said application.See also Black law dictionary definition of "permanent allegiance"The lasting allegiance owed to a state by citizens or subjects.See emphasis added " temporary allegiance "The impermanent allegiance owed to a state by a resident alien during the period of residence.So the moment the resident makes a concious effort to apply for citizenship that allegiance goes from temporary  to permanent as stipulated in the application asking applicant of their permanent allegiance see US VS MORIN 80 F.3D 124,126, (4th Cir 1996) "The most compelling evidence of "Permanent allegiance" short of Citizenship itself is the application for Citizenship." See also Scales Vs INS 232 F.3d 1159 (9th Cir 2000) Id at 1162-63 wherin the 9th Circuit rejected the BIA's Interpretation of 8 U.S.C § 1401 Which opined that the qualification for becoming either a national or Citizen of the United States at birth. Congress specifically states "Owes permanent allegiance" as grounds to be considered a National. See Hughes Aircraft Co. Vs Jacobson, 525 U.S 432, 438 (1999) (explaining that when interpreting statute, in the absence of ambiguity there is no need to resort to other forms of construction).

## DETENTION FAR EXCEEDS
## MAXIMUM ALLOWED BY LAW

The detention of petitioner far exceeds the maximum allowed by law. Petitioner got detained by ICE on August 11 2004. November 11 2004 was the ninety day ascribed by Zadvydas and also by Clark (U.S Supreme Court) Feb 11 2004 was the aloted maximum 180 days to accomplish removal. Petitioner is still detained as of May 11 2004. This is in excess of time allowed by law. The question before this court, is if 9 months of detention by government, without any chance to be reviewed as to if he is danger to society or pose a flight risk is a violation of both supreme Court rulling. Removal though highly unlikely for grounds to be discused later. Does petitioner get compensated for these nine months, of detention, and complete restraint, on his liberty. See Zadvydas Vs Davis, 533 U.S 678 (2001) The U.S Supreme Court ascribed that "For the sake of uniform administration in federal courts." A six months period of detention after removal order became final was "presumptively reasonable." See emphasis added Akinwale Vs Aschcroft, 287 F.3d 1050, 1052 (11th Cir 2002) citing that filling a habeas prior to the 6 month threshold as being premature. Petitioner detention way exceeds that



aloted time. The foreseable future and continued detention, that is not a risk to society nor a violent offender, and has valid matters of law being addressed in court. That on resolution would invalidate the current deportation order, or at minimum petitioner would be accorded relief. Petitioner's crime was for credit card fraud 9 yrs ago. For which he was sentenced to 4 months incarcration. Petitioner is a First time offender see <u>exhibit 2A</u>. Continued detention with no possibility for parole, or possibility to present charges in law that warrant release from custody is not in accordance of law, and serves no government interest. Also petioner has some serious health issues. That ICE medical facility can not, and is not willing to undertake, because of the enormous expense involved. See <u>Oyedeji Vs Aschcroft</u> 332 F. Supp 2d 747 (M.D P.A 2004) (Continued detention while pursuing a non frivolous challenge to removal was unwarranted) see emphasis added Sharma Vs Aschcroft 158 F.Supp 2d 519 (E.D PA 2001) (Mandatory detention by I.N.S of aliens convicted of aggravated felonies pending outcome of their appeal of a deportation decision Violated their due process rights, thus INS would be required to provide each alien with an individualized Bond hearing) see <u>Baidas Vs Jennings</u> 123 F.Supp 2d 1052 (E.D Mich 1999) Stipulating Same) Mandatory detention of Illegal aliens is wrong but fundamentally unfair when applied to legal permanent residents. See <u>Hall Vs INS</u> Even though petitioner assertively, and affirmatively assert his legal claim to being a "National" of the United States. His continued detention in viewd in light most favourable to the government, his continued detention for 10 months, without any chance for release on bail, is opresive and violates section 241 (a) (6) the statute at issue in <u>Zadvydas</u> see Shefget Vs Aschcroft, No 02 C 7737, 2003 U.S Dist Lexis 7075 at * 12, *19 (ND 111 April 25 2003) (Ordering petition granted if petitioner is not removed in 30 days) see also <u>Okwilagwe Vs INS</u> No 3-01 CV 1416 BD 2002 WL 35678, (N.D Texas March 1 2002) (alien detained for eleven months after INS reprsented it would have travel documents in hands it falled to sustain it's burden of proof showing that alien would be removed in the foreseable future. See emphasis added <u>Lewis Vs INS</u> # 00-CV-07508 (SJ) 2002 U.S Dist Lexis 16249 at * 12 (E.D.NY 7 May 2002) (directing petitioner's release under Zadvydas without a hearing, because INS has been unable "to obtain travel documents and make other arrangements for petitioner's deportation")

Magnet proffesor of Law at University of Ottawa Canada. Said see Newyork times Feb 2 1990, Sec B, "A Gift to all nations", See Times July 6 1987 Pg 64-65. See Amendment 14 Citizenship due process and equal protection of Laws (Ratified July 9 1868)

"No State shall make or enforce laws which shall abridge the priviledges or immunities of Citizens of United States, nor shall any State deprive any person of life, Liberty or property whthout due process, of law; <u>nor deny to any person within it's Jurisdiction equal protection of the laws.</u>"

That petitioner continued detention violates substantive and procedural due process. It is shocking to the conscience and interfers with the rights implicit, in



"No State shall make or enforce laws which shall abridge the priviledges or immunities of Citizens of United States, nor shall any State deprive any person of life, Liberty or property whthout due process, of law; nor deny to any person within it's Jurisdiction equal protection of the laws."

That petitioner continued detention violates substantive and procedural due process. It is shocking to the conscience and interfers with the rights implicit, in the concept ordered liberty Paxton Vs INS supra Rochin Vs California. 342 U.S 165, 172 72 S.Ct 205, 209 96 L.Ed 183 (1952). Petitioner prays upon honorable court weigh all issue herein raised by petitioner and order his immediate release.

53 F.Supp 2d 244 (DRI 2003) See emphasis added Rodriguez Fernandez Vs Wilkinson, 654 F.2d 1382 (10th Cir 1981) (Using the Universal declaration of Human rights as well as other methods of Interperetation to conclude that the indefinite detention of aliens were not permissible) ("The united States is bound by International and customary law of human rights."); Kadic Vs Karadzic, 70 F.3d 232 (2nd Cir 1995) (Finding Violation of Customary International human rights law in war attrocities in Bosnia Conflict)

CERTIFICATE OF
SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THIS WAS SENT BY U.S MAIL TO

1) DAVID VENTURELLA
   DIRECTOR HQ-PDU
   801 1 Street STE 800
   Washington DC 20536

2) HONORABLE MICHAEL CHERTOFF
   SECRETARY HOMELAND SECURITY
   U.S DEPT OF HOMELAND SECURITY
   NAVAL STATION
   NEBRASKA & MASSACHUSSETS AVE NW
   WASHINGTON DC 20528

3) THE AMBASSADOR
   FEDERAL REPUPLIC OF NIGERIA
   3519 INTERNATIONAL COURT
   WASHINGTON DC 20008

Augustus C Noha Sign _____ 6/13/05
18201 SW 12th St.
Miami, FL 33194

