EMERGENCY MOTION SEEKING
TEMPORARY RESTRAINING ORDER

**FILED**

JUL - 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

UNITED STATES FEDRERAL DISTRICT COURT
WASHINGTON D.C

# EMERGENCY MOTION SEEKING TEMPORARY RESTRAINING ORDER,RELEASE.

NOHA CHARLES AUGUSTUS
VS
DAVID VENTURELLA
DIRECTOR HQ-PDU
MICHAEL CHERTOFF,
SECRETARY HOMELAND SECURITY DEPARTMENT,
FEDRERAL REPUBLIC OF NIGERIA,
ET AL RESPONDENTS

CASE NUMBER   1:05CV01362

JUDGE: Richard W. Roberts

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 07/06/2005

Petitioner seeks an emergency temporary Restraining order, enjoining the respondents from taking any action against petitioner pending a rulling by this honorable courts on issues of law, and Nationality herein raised. See emphais added CHew-wing Luk Vs Dulles C.A.9 (CAL) 1959, 268, F.2d 824.

WHAT QUESTIONS THIS COURT MUST DECIDE?

a) Petioners's claim to being a U.S "National" and hence not deportable.
b) Even if petitioner was an alien 9 months of detention without release is it in accordance with two supreme court rulling Zadvydas, Clark.
c) Under what color or authority is HQPDU transporting U.S nationals, and aliens across International boundaries outside the territory of the United States with hands and waist bound on a sixteen hour flights. Does that not constitute cruel and unusual punishment. For Civil detainees, charged only with immigration violation. Is this transportation mode in violation with Federal avaition laws and International avaition laws. See Federal avaition laws regarding safety e.g. Change in cabin presure, life vest accesibility, emergency exiting.

3) Petitioner further asserts inter alia that a temporary restraining order is warranted in this matter as petitioner can show by clear and convencing evidence that his removal, is prohibited by law and hence it shuld be stoped to enable court review the matters of law herein raised. That also the Federal Republic of Nigeria has no jurisdiction over a U.S national. See Ferreti Vs Dules, E.D.NY. 1957, 150 F.Supp. 632 Affirmed 246 F.20 544.

4) HQ-PDU as erred as a matter of law to continue to detain petioner and Nigeria, is in violation for it's continued assurance to them, even though petitioner has informed respondents as to issues regardihng his Nationality and petitioner pursuing remedies under the foreign sovereign immunities Act, as a "U.S National" against respondent federal republic of nigeria. Wherein he intends to seek compensatory and punitive damages. See Exparte Gross (N.D Cal 1954) 123 F.Supp 718, See William Vs Kennedy, (D.C N.J 1962) 209 F.Supp 282.

5) HQ-PDU has committed legal error and violated petitioners due process rights. See also Galvan Vs Press, 347 U.S 522, 74 S.Ct 98 L.ED 911 (1954). Dulles Vs Lee Gnan Lung, C. A.9 (Wash.) 1954 212 F.2d.

6) Irreparable harm will occur if temporary restraining order is not granted. Filling this petition does not automatically staty petitioners removal from the United States during the pendincy of this review. Petitioner is therefore subject to being physically removed. Plus filling of this motion further exposes him to danger because he is in physical custody. HQ PDU, and federal Republic of Nigeria upon reciept of this law suit whould be inclined to take actions that would endanger petitioner's life. In other to forc close this law suit.

7) Petitioner has a substantial liberty Interest at stake-his right to be released for immediate medical reasons, his right to remain with his family, not exiled to a country in which he has no family ties and no ability to earn a living or attend

to his medical needs. Petitioner can demonstrate favourable equities warranting release pending review. He does not pose a flight risk, or danger to society. No relief has bee sought in the local district for issues herein raised because the "Federal District Court, has Jurisdiction over HQPDU, and the Federal Republic of Nigeria, a foreign Soverign. Both located in washington DC. See emphasis added <u>Delmore Vs Brown Well,</u> C.A.3 (N.J) 1956, 236 F.2d 598.

8) If petitioner is removed there are issues regarding life and limb that he has addressed with the District Court, (DC) <u>See In Re Wing</u> (N.D CAL 1954,) 124 F.Supp, 492

9) <u>A U.S National is not deportable see Argument in coporated in brief for relief</u>

10) Prays upon court to issue a temporary restraining order, and release from custody pending review petitioner would be irreporably harmed as his interim removal from the United States would limit his opportunity to re-enter. But most profoundly expose his life to danger for religious, and political beliefs.

11) Wherefore, petioner respectfully request this honorable court to enter an order temporarily restraining respondents. Also releasing petitioner from custody under conditions that wuld guarantee appearance for tuture hearings. To enable court address issues of law raised. More importantly get immediate Medical attention. See Briseno Vs INS 192 F.3d 1320 n.4 (9th Cir 1999) See emphasis added Bowrins Vs INS 194 F.3d 483, 486 (4th Cir 1999) Respectfully Submitted

Noha Charles Augustus Pro-Se
18201 SW 12th
Miami, FL 33194

6/13/05