# UNITED STATES
# FEDRERAL DISTRICT COURT
# WASHINGTON D.C

NOHA CHARLES AUGUSTUS

VS

DAVID VENTURA,
DIRECTOR HQ-PDU
MICHAEL CHERTOFF
DEPARTMENT OF HOMELAND SECURITY,
FEDERAL REPUBLIC OF NIGERIA ETAL
REPONDENTS.

#05 CV 1362
HON JUDGE ROBERTS

## EMERGENCY MOTION SEEKING COURT'S PROTECTION.

Petitioner is receipt of court issued order to show cause dated August 5th 2005. Petitioner pleads with this court to enjoin respondents from <u>transfering</u> or <u>removing</u> petitioner pending the resolution of this case. Furthermore because of the sensitivity of this case. Petitioner pleads with honorable court to order petitionre's release from custody. Petitioners safety could be compromised and their exists a possibility of hostility toward petitioner. But the most paramount concern is for <u>humanitarian reasons,</u>Petitioner is currently confined to a wheel chair from injuries sustained from a fall. Petitioner has been detained for one year wherein he has been denied treatment, because of the cost factor, but also refused a chance to go get treatment for himself evenhtough he can afford to treat himself with his own insurance . But repondents have refused to treat him. Petitioner condition has worsened since his detention.

Petitioner is willing to comply any supervised release conditions to enable him get treatment e.g ankle bracelet, posting bond. Eventhough petitioner is not a flight risk by any measure .Petitioner has strong commuinity ties wife for 14yrs a daughter all U.S citizens. Petitioner's only infraction with the law was 9 yrs ago for which he was confined for 4months about thrice the amount of time that he has been detained by repondents 12 months. Petitioner main concern is medical situation see medical documents attached. See also <u>exhibit T</u> Nigeria consulate denying travel documents because of the same reason stipulating to allow petitioner get treatment with his own means but D.H.S has not allowed him do so, for over 1 yr. D.H.S can utilise tranfering petitioner all over the country so that he would be destabilised and cannot receive any correspondence from the court because of constant movement. Plus D.H.S can transfer petitioner to dangerous prisons that are contracted with them where petitioner can face bodily harm while mixed up with inmates serving their time. Petitioner pleads with honorable court to accord him this protection. There a lot of issues that he intends to raise about his 1 year of confinement that he has left out because of fear . Petitioner's release would also be in accordance with law given the duration of current incaceration 1 year, see <u>oyedeji vs Aschcroft</u>, 332 f. supp 2d 747,(M.D.P.A 2004)( Continued detention while pursuing a non frivolous challege to removal was unwarranted). See generally <u>Baidas vs Jennings,</u> 123 f . supp 2d 519 (E.D.P.A) . Petitioner detention already exceeds statutory maximum allowed by law.See emphasis added <u>Okwilagwe vs INS</u>, No 3-01CV1416 BD 2002 WL 35678(N.D TEXAS MARCH 1 2002). See also <u>Lewis vs INS</u> # 00-CV- 07508(SJ) 2002 U.S Dist lexis 16249 at *12 ( E.D.N.Y MAY 7 2002) ( directing release of petitioner under Zadvydas without hearing because INS has been unable to obtain travel documents)
Petitoner creaves courts indulgence in this delicate matter .

*[signature]* 8/11/05

Respectfully submitted
Noha charles AUGUSTUS
18201 SW 12TH ST
MIAMI FLORIDA 33194.

SEE ATTACHED SUPLEMENTARY DOCUMENTS.
(1)   EXHIBIT L ( NATURALISATION DOC)
(2)   EXHIBIT M ( SAME)
(3)   EXHIBIT L ( SAME NATURALIZATION EXAM RESULT).
(4)   MEDICAL RECORDS